# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**RODNEY HENRY**                                                                         **PLAINTIFF**

**v.**                         **No: 3:22-cv-00186-BRW-PSH**

**STEVE FRANKS,** *et al.*                                         **DEFENDANTS**

## ORDER

Plaintiff Rodney Henry, a pretrial detainee held at the Greene County Detention facility, initiated this lawsuit by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 21, 2022 (Doc. No. 2). Henry's motion to proceed *in forma pauperis* has been granted (Doc. No. 3). At the Court's direction, Henry filed an amended complaint describing the involvement of each defendant (Doc. No. 8). Having reviewed and liberally construed Henry's complaint and amended complaint (Doc. Nos. 2 & 8) for screening purposes,[1] it appears that service is appropriate with respect to his due process claims against defendants based on his allegation that he

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2).

was assigned to punitive isolation despite having no disciplinary hearing.[2] The Clerk of the Court shall prepare summonses for these defendants and the United States Marshal is hereby directed to serve a copy of the complaint and amended complaint (Doc. Nos. 2 & 8), and summons on each defendant without prepayment of fees and costs or security therefor. Service should be attempted through the Greene County Sheriff's office, 1809 North Rockingchair Road Paragould, AR 72450.[3]

IT IS SO ORDERED this 13th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The due process clause provides a pretrial detainee with greater protections from punishment than a convicted prisoner. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). Thus, a "pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2022); *see also Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) (When a detainee "is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand").

[3] If any of the Defendants are no longer County employees, the individual responding to service must file a **SEALED** Statement providing the unserved Defendant's last known private mailing address.